1  Brandi C. Blair, Bar #025944
   Robert E.M. Smith, Bar #022283
2  JONES, SKELTON & HOCHULI P.L.C.
   40 N. Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 263-1786
4  Fax: (602) 200-7808
   bblair@jshfirm.com
5  rsmith@jshfirm.com

6  Attorneys for Defendants Pinal County, Arizona,
   Pinal County Sheriff's Office and Mark Lamb

7

8                 **UNITED STATES DISTRICT COURT**

9                      **DISTRICT OF ARIZONA**

| | |
|---|---|
| 10 Jean Torres, a single woman; Leah Kulwicki, for herself and as Personal Representative of the Estate of Yolanda Arenas, deceased; E.A., a minor, | No. 2:21-cv-01743-JJT-CDB |
| 12<br>13 Plaintiffs, | **DEFENDANTS' PINAL COUNTY, ARIZONA, PINAL COUNTY SHERIFF'S OFFICE AND MARK LAMB'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| 14 v. | |
| 15 Pinal County, Arizona; Pinal County Sheriff's Office; Mark Lamb, in his capacity as Sheriff of Pinal County, 16 Arizona; John Does I-XXXX; Jane Does I-XXXX; Black Corporations I-V; White 17 LLC I-V; Blue Partnerships I-V; and Red Trusts I-V, | |
| 18 Defendants. | |

19

20

21        Defendants Pinal County Arizona, Pinal County Sheriff's Office and Mark

22  Lamb, ("Defendants"), by and through undersigned counsel, for their Answer to Plaintiff's

23  Complaint, admit, deny, and allege as follows:

24        Defendants deny each and every, all and singular, of the allegations

25  contained in Plaintiff's Complaint and each claim for relief thereof which is not hereinafter

26  expressly admitted or otherwise pled to.

27

28

1.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore demand strict proof.

2.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore demand strict proof.

3.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore demand strict proof.

4.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore demand strict proof

5.     Upon information and belief, Answering Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.     Upon information and belief, Answering Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore deny same.

8.     Paragraph 8 is not addressed to these Answering Defendants; therefore, a response is not required.  To the extent a response may be required, Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore deny same.

9.     Answering Defendants admit the United States District Court, District of Arizona has jurisdiction over the persons and subject matter of this dispute.

10.     These Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore deny same.

## GENERAL ALLEGATIONS

11.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore deny same.

12.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore deny same.

13.     Answering Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore deny same.

15.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore deny same.

16.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore deny same.

17.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore demand strict proof.

18.     Answering Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Answering Defendants admit the allegation contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore demand strict proof.

21.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore deny same.

22.     Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore deny same.

## COUNT ONE

## DEPRIVATION OF RIGHT PURSUANT TO 42 U.S.C. § 1983

23.     Answering Defendants incorporate by this reference paragraphs 1 – 22 above, as if fully set forth herein.

24.     Answering Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Answering Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Answering Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Answering Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Answering Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Answering Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Answering Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## COUNT TWO

## DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. § 1983

31.     Answering Defendants incorporate by this reference paragraphs 1 – 30 above, as if fully set forth herein.

32. Answering Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Answering Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Answering Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Answering Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## COUNT THREE

## WRONGFUL DEATH:  NEGLIGENCE

36. Answering Defendants incorporate by this reference paragraphs 1 – 35 above, as if fully set forth herein.

37. Paragraph 37 is not addressed to these Answering Defendants and the allegations are legal conclusions; therefore, no response is required.  If a response is required these Answering Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore demand strict proof.

38. Answering Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Answering Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. As a separate defense, or in the alternative, Answering Defendants allege that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against these answering Defendants.

2.     As a separate defense, or in the alternative, Answering Defendants allege that Plaintiffs' Complaint fails to comply with the Notice of Claim requirements upon which relief may be granted against these answering Defendants

3.     As a separate defense, or in the alternative, Answering Defendants allege that they were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of Answering Defendants were in good faith and without malice.

4.     As a separate defense, or in the alternative, Answering Defendants allege they did not violate Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution.

5.     As a separate defense, or in the alternative, Answering Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

6.     As a separate defense, or in the alternative, Answering Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to her allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

7.     As a separate defense, or in the alternative, Answering Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs or the decedent, thereby precluding punitive damages.

8.     As a separate defense, or in the alternative, Answering Defendants allege that Plaintiffs have failed to allege that Defendants had a custom and policy or practice which was the moving force behind the alleged violations to Plaintiffs' and/or the decedent's constitutional rights.

9.     As a separate defense, or in the alternative, Answering Defendants allege that Defendants' conduct, and that of their employees or agents, was at all times lawful and within the appropriate standard of care.

10. As a separate defense and in the alternative, Answering Defendants allege that Plaintiffs' alleged damages may be the result of actions or omissions made by, or on behalf of, non-parties at fault per ARS §12-2501 et sec., which will be timely disclosed upon discovery.

11. Defendants affirmatively allege in order to avoid waiver as though fully set forth herein, in haec verba, all affirmative defenses set forth in Rule 8(c) and Rule 12(b), Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that Plaintiffs take nothing and that the Complaint be dismissed.

DATED this 21st day of October, 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ Robert E.M. Smith*
    Brandi C. Blair
    Robert E.M. Smith
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants Pinal County, Arizona,
    Pinal County Sheriff's Office and Mark Lamb

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Brent H. Bryson
BRYSON LAW FIRM, PLC
7227 East Baseline Road, Suite 114
Mesa, Arizona 85209
brent@brysonlegal.com
Attorney for Plaintiffs


*/s/ Rebecca Camelio*